CHICAGO—FIRST DISTRICT—OCTOBER, 1914.     109

O'Heron v. Universal Portland Cement Co., 189 Ill. App. 109.

## John J. O'Heron, Appellee, v. Universal Portland Cement Company, Appellant.

### Gen. No. 19,734.     (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILL-IAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Dismissed. Opinion filed October 8, 1914.

### Statement of the Case.

Motion filed in the Appellate Court by John J. O'Heron, appellee, to dismiss an appeal taken by Universal Portland Cement Company from a decree entered on a bill of review filed to set aside a decree declaring a mechanic's lien in favor of appellant on appellee's property and all proceedings thereunder.

The facts showed that appellant had filed a bill against appellee and a certain company, which was the original contractor, to enforce a mechanic's lien on appellee's building, and that a decree was entered declaring a lien and ordering a sale of the premises on default in payment of the lien; that there had been a sale and that appellant purchased the property.

Some time after such sale, appellee filed a bill of review against appellant to set aside the mechanic's lien decree and all proceedings thereunder, asking that the entire cause be reopened and reconsidered by the court for certain errors alleged to appear on the face of the decree. A general and special demurrer was filed to the bill which was overruled, and appellant electing to stand by its demurrer, a decree was entered ordering that the original decree be reopened and that the original suit be reheard; that the sale of the property be set aside and the certificate of sale of the master to the appellant be delivered up and cancelled; and that appellant amend its original bill, etc. From the decree appellant took an appeal and appellee's motion was filed to dismiss the appeal, as before stated.

KNAPP & CAMPBELL, for appellant; JOHN R. COCHRAN, of counsel.

O'DONNELL & O'DONNELL, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 301*—*when decree entered on bill for review not final.* A decree entered on a bill of review ordering a mechanic's lien decree to be reopened and that the original cause be reheard, etc., and that the certificate of sale under the original decree be delivered up and cancelled, *held* to be an interlocutory decree and not a final one for the purpose of review.

---

### Inter Ocean Newspaper Company, Appellant, v. City of West Hammond, Appellee.

### Gen. No. 19,752.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

### Statement of the Case.

Action in the County Court by Inter Ocean Newspaper Company, a corporation, against City of West Hammond, a municipal corporation, to recover the sum of $129.25 alleged to be due for printing done by plaintiff for defendant.

Plaintiff filed a declaration containing the common counts. At the end of the fourth count it used this language: "As will more fully appear from plaintiff's Exhibit 'A' and 'B' hereto attached." The affidavit of amount due stated that the demand of the plaintiff in the above entitled cause was for money due plaintiff for printing, and after allowing all just deductions and set-offs, there was due plaintiff $129.25. The exhibits "A" and "B" were designated city war-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.